**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LAWRENCE SCOTT,<br>an individual,<br><br>Plaintiff,<br>v.<br><br>CHARANIA INVESTMENTS, LLC,<br>a Texas Limited Liability Company,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 4:26-cv-9899 |

**COMPLAINT**

Plaintiff, LAWRENCE SCOTT, ("Mr. Scott" or "Plaintiff") through his undersigned counsel, hereby files this Complaint and sues CHARANIA INVESTMENTS, LLC, a Texas Limited Liability Company, ("CHI" or "Defendant") for declaratory and injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §§ 12181-12189 ("Title III of the Americans with Disabilities Act" or "ADA") and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to the ADA and 28 U.S.C. §§ 2201–2202. This Court is vested with original jurisdiction pursuant to 28 U.S.C. § 1331.

2. Venue is proper in the Houston Division of this Court pursuant to 28 U.S.C. § 1391(b) and Rule 3.1(B), Local Rules of the United States District Court for the Southern District of Texas.

3. Plaintiff, Lawrence Scott, is a resident of Harris County, Texas.

4. Plaintiff is an individual with a disability as defined in 42 U.S.C. § 12102. In 2002, Plaintiff suffered a severe injury to his neck resulting in trauma to his C5 and C7 vertebrae, and as

a result, is paralyzed from the waist down. Due to these permanent conditions, Plaintiff must use a wheelchair for mobility.

5. Defendant CHARANIA INVESTMENTS, LLC, is a Texas Limited Liability Company. According to Harris County public records, Parcel ID: 1299910010008, Defendant is the owner of the real property and improvements which are the subject of this action: the Property located at 2922 N Mason Rd, Katy, TX 77449. (the "Property").

6. All events giving rise to this lawsuit occurred in the Southern District of Texas, Harris County, Texas.

**COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

7. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

8. The Property owned by Defendant, a shopping plaza, is a place of public accommodation under 42 U.S.C. § 12181(7)(B) & (E) because it includes restaurants, sales and/or retail establishments.

9. Plaintiff has visited the Property several times over the past year and attempted to utilize the goods and services offered at the Property. The Property is located just nine (9) miles from Plaintiff's residence which takes him about 15 minutes to reach by car.

10. Plaintiff most recently visited the Property in mid-September, 2026. While there, he encountered serious difficulty accessing the goods and utilizing the services thereon due to the architectural barriers more fully discussed herein.

11. Plaintiff plans to visit the Defendant's Property about every three months or so because he would like to patronize the shops and restaurants there and due to its convenient

location, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

12. Furthermore, but for the barriers to access at the Property, Plaintiff would patronize it more often.

13. Defendant is in violation of 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. §§ 36.304, 36.401 or 36.402,[1] and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following architectural barriers which Plaintiff personally encountered and which hindered/reduced his access throughout the Defendant's Property:

A. Plaintiff personally encountered two (2) inaccessible parking spaces designated for disabled use near the Express Smoke Shop due to Defendant's failure to identify the spaces with ADA signage, and two (2) inaccessible spaces near DaVita Dialysis due to signage mounted too low (under 60 inches), in violation of 2010 ADA Standards § 502.6. These conditions made it difficult for Plaintiff to identify the intended ADA parking spaces and fails to discourage some able-bodied patrons from parking in the intended ADA spaces.

B. Plaintiff personally encountered that all of the ADA parking spaces throughout the Property, four (4) in total, were inaccessible due to built-up curb ramps which protrude into and obstruct the access aisles of the spaces causing slopes well in excess of 1:48 in violation of 2010 ADA Standards §§ 502.4 and

[1] Depending on the date when certain accessibility features were first constructed or subsequently altered.

406.5. These conditions made it difficult and dangerous for Plaintiff to transfer safely from his vehicle into his wheelchair on the uneven surfaces.

C. Plaintiff personally encountered two inaccessible curb ramps leading from the intended ADA parking to the Property sidewalks near Express Smoke Shop and DaVita due to excessive slopes, disrepair and because they improperly obstruct the nearby ADA parking spaces as noted above in violation of 2010 ADA Standards §§ 405.2, 406.2, 406.3, 406.5, and 502.6. These conditions made it difficult and unsafe for Plaintiff to maneuver over the ramps, as well as increased his risk of fall.

D. Plaintiff also personally encountered two inaccessible curb ramps at each end of the Property sidewalk due to excessive slopes, pavement in disrepair, and because they can be blocked by parked vehicles[2] in the adjacent parking spaces in violation of 2010 ADA Standards §§ 405.2, 406.5, and 406.2. These conditions made it difficult and unsafe for Plaintiff to maneuver over the ramps, and increased his risk of a fall.

14. Defendant either does not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist. Furthermore, Defendant has failed to maintain its Property in an accessible condition as required under 28 C.F.R. § 36.211.

15. While Plaintiff intends to return to the Property as a patron because he lives nearby and enjoys the stores located at the Property, Plaintiff pleads that yet another reason for his return is to determine whether the barriers to access stated herein have been remedied.

16. Removal of the barriers to access located on the Property, such as restriping the

[2] The issue concerning the ramp that can be blocked by parked vehicles only applies to the one near DaVita.

ADA parking spaces, adding/remounting ADA signage, relocating the spaces away from the protruding curb ramps to ensure level surfaces, and regrading ramps with compliant slopes, is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff seeks reimbursement of his reasonable attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505.

WHEREFORE, the Plaintiff, LAWRENCE SCOTT, demands judgment against Defendant, CHARANIA INVESTMENTS, LLC, and requests the following injunctive and declaratory relief:

A. That the Court declare that the Property owned and/or operated by Defendant is in violation of the ADA;

B. That the Court enter an Order directing Defendant to alter the Property to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and modify its policies and procedures within a reasonable time to ensure compliance with the ADA;

D. That the Court award Plaintiff's reasonable attorney's fees, costs, and other expenses of suit; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated: November 11, 2026.

Respectfully Submitted,

By: *_/s/ Louis I. Mussman_*

Louis I. Mussman, Esq.
Attorney-in-charge
S.D. Tex. No. 2274288
MUSSMAN & ASSOCIATES, P.A.
18501 Pines Boulevard, Suite 349
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Louis@kumussman.com

and

John K. Grubb
Local Counsel
State Bar No. 08553500
John K. Grubb & Associates
2520 Robinhood St., # 500
Houston, Texas 77005
Tel: (713) 702-1808
jgrubb@grubblegal.com

*Attorneys for Plaintiff*